PKC/KN:LMN
F.#2010R018030

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

BENITO LOPEZ-PEREZ,
JOSE GABINO BARRIENTOS-PEREZ,
  also known as "Ricardo," and
ANASTASIO ROMERO-PEREZ,

              Defendants.

- - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆   MAR 14 2011   ☆

BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. _11 CR 199_
(T. 8 U.S.C., §§
1324(a)(1)(A)(i),
1324(a)(1)(A)(v)(I),
1324(a)(1)(B)(i),
1324(a)(2)(B)(ii) and 1328;
T. 18, U.S.C., §§ 371,
981(a)(1)(C), 982,
1591(a)(1) (2008),
1591(a)(1), 1591(a)(2)
(2008), 1591(a)(2),
1591(b)(1) (2008),
1591(b)(1), 1591(b)(2)
(2008), 1591(b)(2),
1594(c), 1594(d)(1),
1594(d)(2), 1952(a)(3)(A),
1956(h), 2421, 2428(a)(1),
2428(a)(2), 2461(c), 2 and
3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Sex Trafficking Conspiracy)

    1.   In or about and between July 2005 and December

2008, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants BENITO

LOPEZ-PEREZ, JOSE GABINO BARRIENTOS-PEREZ, also known as

"Ricardo," and ANASTASIO ROMERO-PEREZ, together with others, did

knowingly and intentionally conspire to recruit, entice, harbor,

transport, provide and obtain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit financially and by receiving a thing of value from participation in a venture that engaged in such acts, knowing that: (1) force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2), would be used to cause one or more persons to engage in a commercial sex act, and (2) the person or persons had not attained the age of 18 years and would be caused to engage in a commercial sex act, contrary to Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(2) (2008).

2.   In furtherance of the conspiracy, and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

a.   In or about July 2005, the defendant BENITO LOPEZ-PEREZ and co-conspirators arranged for Jane Doe 1, an individual whose identity is known to the Grand Jury, to be smuggled to Queens, New York from Mexico.

b.   In or about July 2005, Jane Doe 1 engaged in an act of prostitution in Queens, New York.

c.   In or about September 2008, the defendants BENITO LOPEZ-PEREZ and ANASTASIO ROMERO-PEREZ and co-conspirators arranged for Jane Doe 2, an individual whose identity is known to

2

the Grand Jury, to be smuggled to Queens, New York from Mexico.

       d.   In or about September 2008, Jane Doe 2 engaged in an act of prostitution in Queens, New York.

       e.   In or about April 2006, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," and co-conspirators arranged for Jane Doe 3, an individual whose identity is known to the Grand Jury, to be smuggled to Queens, New York from Mexico.

       f.   In or about April 2006, Jane Doe 3 engaged in an act of prostitution in Queens, New York.

       (Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWO
(Sex Trafficking Conspiracy)

       3.   In or about and between January 2009 and August 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ, JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," and ANASTASIO ROMERO-PEREZ, together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that: (1) means of force, threats

3

of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause one or more persons to engage in a commercial sex act, and (2) the person or persons had not attained the age of 18 years and would be caused to engage in a commercial sex act, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

COUNT THREE
(Sex Trafficking of a Child - Jane Doe 1)

4. In or about and between July 2005 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe 1, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture that engaged in such acts, knowing that: (1) force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2), would be used to cause Jane Doe 1 to engage in a commercial sex act, and

4

(2) Jane Doe 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1) (2008), 1591(a)(2) (2008), 1591(b)(1) (2008), 1591(b)(2) (2008), 2 and 3551 et seq.)

COUNT FOUR
(Sex Trafficking of a Child - Jane Doe 1)

5.   In or about and between January 2009 and August 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 1, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that: (1) means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe 1 to engage in a commercial sex act, and (2) Jane Doe 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

5

COUNT FIVE
(Sex Trafficking of a Child - Jane Doe 2)

6.   In or about and between December 2007 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and ANASTASIO ROMERO-PEREZ, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe 2, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture that engaged in such acts, knowing that: (1) force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2), would be used to cause Jane Doe 2 to engage in a commercial sex act, and (2) Jane Doe 2 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1) (2008), 1591(a)(2) (2008), 1591(b)(1) (2008), 1591(b)(2) (2008), 2 and 3551 et seq.)

COUNT SIX
(Sex Trafficking of a Child - Jane Doe 2)

7.   In or about and between January 2009 and August 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and ANASTASIO ROMERO-PEREZ, together with others, did

knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 2, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that: 1) means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe 2 to engage in a commercial sex act, and (2) Jane Doe 2 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

COUNT SEVEN
(Sex Trafficking - Jane Doe 3)

8.   In or about and between January 2003 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit, Jane Doe 3, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture that engaged in such acts,

7

knowing that force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2), would be used to cause Jane Doe 3 to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1) (2008), 1591(a)(2) (2008), 1591(b)(1) (2008), 2 and 3551 <u>et seq</u>.)

<u>COUNT EIGHT</u>
(Sex Trafficking - Jane Doe 3)

9.    In or about and between January 2009 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 3, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe 3 to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 <u>et seq</u>.)

COUNT NINE
(Conspiracy to Violate the Mann Act)

10.   In or about and between July 2005 and October 2010, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ, JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," and ANASTASIO ROMERO-PEREZ, together with others, did knowingly and intentionally conspire to transport one or more individuals, to wit: Jane Does 1 through 3, in interstate and foreign commerce with intent that such individual or individuals engage in prostitution, contrary to Title 18, United States Code, Section 2421.

11.   In furtherance of the conspiracy, and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a.   In or about July 2005, the defendant BENITO LOPEZ-PEREZ and co-conspirators arranged for Jane Doe 1 to be smuggled to Queens, New York from Mexico.

b.   In or about July 2005, Jane Doe 1 engaged in an act of prostitution in Queens, New York.

c.   In or about September 2008, the defendants BENITO LOPEZ-PEREZ and ANASTASIO ROMERO-PEREZ and co-conspirators arranged for Jane Doe 2 to be smuggled to Queens, New York from Mexico.

9

d.   In or about September 2008, Jane Doe 2 engaged in an act of prostitution in Queens, New York.

e.   In or about April 2006, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," and co-conspirators arranged for Jane Doe 3 to be smuggled to Queens, New York from Mexico.

f.   In or about April 2006, Jane Doe 3 engaged in an act of prostitution in Queens, New York.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

COUNT TEN
(Mann Act Violation - Jane Doe 1)

12.   In or about July 2005, within the Eastern District of New York and elsewhere, the defendant BENITO LOPEZ-PEREZ, together with others, did knowingly and intentionally transport Jane Doe 1 in interstate and foreign commerce, with intent that Jane Doe 1 engage in prostitution.

(Title 18, United States Code, Sections 2421, 2 and 3551 <u>et seq</u>.)

COUNT ELEVEN
(Mann Act Violation - Jane Doe 2)

13.   In or about September 2008, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and ANASTASIO ROMERO-PEREZ, together with others, did

knowingly and intentionally transport Jane Doe 2 in interstate
and foreign commerce, with intent that Jane Doe 2 engage in
prostitution.

(Title 18, United States Code, Sections 2421, 2 and
3551 et seq.)

COUNT TWELVE
(Mann Act Violation - Jane Doe 3)

14.   In or about April 2006, within the Eastern
District of New York and elsewhere, the defendants BENITO LOPEZ-
PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo,"
together with others, did knowingly and intentionally transport
Jane Doe 3 in interstate and foreign commerce, with intent that
Jane Doe 3 engage in prostitution.

(Title 18, United States Code, Sections 2421, 2 and
3551 et seq.)

COUNT THIRTEEN
(Promotion of Prostitution)

15.   In or about and between July 2005 and October
2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
BENITO LOPEZ-PEREZ, JOSE GABINO BARRIENTOS-PEREZ, also known as
"Ricardo," and ANASTASIO ROMERO-PEREZ, together with others, did
knowingly and intentionally use one or more facilities in
interstate and foreign commerce, to wit: cellular telephones and
a money wire transfer service, with intent to promote, manage,

11

establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activity, to wit: a business enterprise involving prostitution, in violation of the laws of the State of New York, and thereafter perform and attempt to perform the promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT FOURTEEN
### (Conspiracy to Smuggle Aliens)

16.  In or about and between July 2005 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ, JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," and ANASTASIO ROMERO-PEREZ, together with others, knowing that a person was an alien, did knowingly and intentionally conspire to bring to the United States such person at a place other than a designated port of entry, contrary to Title 8, United States Code, Section 1324(a)(1)(A)(i).

(Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 3551 et seq.)

12

### COUNT FIFTEEN
(Alien Smuggling - Jane Doe 1)

17.  In or about July 2005, within the Eastern District of New York and elsewhere, the defendant BENITO LOPEZ-PEREZ, together with others, knowing that Jane Doe 1 was an alien, did knowingly and intentionally bring and attempt to bring to the United States such person at a place other than a designated port of entry.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT SIXTEEN
(Alien Smuggling - Jane Doe 2)

18.  In or about September 2008, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and ANASTASIO ROMERO-PEREZ, together with others, knowing that Jane Doe 2 was an alien, did knowingly and intentionally bring and attempt to bring to the United States such person at a place other than a designated port of entry.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT SEVENTEEN
(Alien Smuggling - Jane Doe 3)

19.  In or about August 2006, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-

13

PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," together with others, knowing that Jane Doe 3 was an alien, did knowingly and intentionally bring and attempt to bring to the United States such person at a place other than a designated port of entry.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT EIGHTEEN
(Alien Smuggling for Financial Gain - Jane Doe 1)

20.   In or about July 2005, within the Eastern District of New York and elsewhere, the defendant BENITO LOPEZ-PEREZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 1, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 1, for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT NINETEEN
(Alien Smuggling for Financial Gain - Jane Doe 2)

21.   In or about October 2008, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-

14

PEREZ and ANASTASIO ROMERO-PEREZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 2, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 2, for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

<u>COUNT TWENTY</u>
(Alien Smuggling for Financial Gain - Jane Doe 3)

22.   In or about August 2006, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 3, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 3, for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-ONE
(Conspiracy to Import Aliens for Immoral Purposes)

23.   In or about and between July 2005 and October

2010, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants BENITO

LOPEZ-PEREZ, JOSE GABINO BARRIENTOS-PEREZ, also known as

"Ricardo," and ANASTASIO ROMERO-PEREZ, together with others, did

knowingly and intentionally conspire to import into the United

States aliens, to wit: Jane Does 1 through 3, for the purpose of

prostitution and other immoral purposes, and to maintain,

control, support, employ and harbor said aliens in houses and

other places, to wit: one or more apartments in Queens, New York,

for the purpose of prostitution and other immoral purposes, in

pursuance of such illegal importation, contrary to Title 8,

United States Code, Section 1328.

24.   In furtherance of the conspiracy and to effect its

objectives, within the Eastern District of New York and

elsewhere, the defendants, together with others, committed and

caused to be committed, among others, the following:

OVERT ACTS

a.   In or about July 2005, the defendant BENITO

LOPEZ-PEREZ and co-conspirators arranged for Jane Doe 1 to be

smuggled into the United States from Mexico.

b.   In or about September 2008, the defendants

BENITO LOPEZ-PEREZ and ANASTASIO ROMERO-PEREZ and co-conspirators

16

arranged for Jane Doe 2 to be smuggled into the United States from Mexico.

c.  In or about August 2006, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," and co-conspirators arranged for Jane Doe 3 to be smuggled into the United States from Mexico.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWENTY-TWO
(Importation of an Alien for Immoral Purposes - Jane Doe 1)

25.  In or about July 2005, within the Eastern District of New York and elsewhere, the defendant BENITO LOPEZ-PEREZ, together with others, did knowingly and intentionally import and attempt to import an alien, to wit: Jane Doe 1, into the United States for the purpose of prostitution and other immoral purposes, and did maintain, control, support, employ and harbor said alien in a house and other places, to wit: one or more apartments in Queens, New York, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation.

(Title 8, United States Code, Section 1328; Title 18, United States Code, Sections 2 and 3551 et seq.)

17

COUNT TWENTY-THREE
(Importation of an Alien for Immoral Purposes - Jane Doe 2)

26.   In or about September 2008, within the Eastern District of New York and elsewhere, the defendant BENITO LOPEZ-PEREZ and ANASTASIO ROMERO-PEREZ, also known as "Ricardo," together with others, did knowingly and intentionally import and attempt to import an alien, to wit: Jane Doe 2, into the United States for the purpose of prostitution and other immoral purposes, and did maintain, control, support, employ and harbor said alien in a house and other places, to wit: one or more apartments in Queens, New York, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation.

(Title 8, United States Code, Section 1328; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-FOUR
(Importation of an Alien for Immoral Purposes - Jane Doe 3)

27.   In or about August 2006, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ and JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," together with others, did knowingly and intentionally import and attempt to import an alien, to wit: Jane Doe 3, into the United States for the purpose of prostitution and other immoral purposes, and did maintain, control, support, employ and harbor said alien in a house and other places, to wit: one or more

apartments in Queens, New York, for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation.

(Title 8, United States Code, Section 1328; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-FIVE
(Money Laundering Conspiracy)

28.   In or about and between July 2005 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENITO LOPEZ-PEREZ, JOSE GABINO BARRIENTOS-PEREZ, also known as "Ricardo," and ANASTASIO ROMERO-PEREZ, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, to wit: Mexico, (a) with the intent to promote the carrying on of a specified unlawful activity, to wit: prostitution, contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and that such transportation, transmission and transfer were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, and to avoid one or more transaction

reporting requirements under State and Federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH EIGHT

29. The United States hereby gives notice to the defendants charged in Counts One through Eight that, upon their conviction of any such offense, the government will seek forfeiture: (a) in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d)(2), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) in accordance with Title 18, United States Code, Section 1594(d)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, that was used or intended to be used to commit or to facilitate their commission.

30. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

20

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C), 1594(d)(1) and 1594(d)(2); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS NINE THROUGH TWELVE

31.   The United States hereby gives notice to the defendants charged in Counts Nine through Twelve that, upon their conviction of any such offense, the government will seek forfeiture: (a) in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 2428(a)(2), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) in accordance with Title 18, United States

Code, Section 2428(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, that was used or intended to be used to commit or to facilitate their commission.

32.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C), 2428(a)(1) and 2428(a)(2); Title 21, United States Code, Section 853(p))

22

CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS THIRTEEN AND TWENTY-ONE THROUGH TWENTY-FOUR

33.  The United States hereby gives notice to the defendants charged in Counts Thirteen and Twenty-One through Twenty-Four that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

34.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

23

United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS FOURTEEN THROUGH TWENTY

35.  The United States hereby gives notice to the defendants charged in Counts Fourteen through Twenty that, upon their conviction of such offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any conveyance, including any vessel, vehicle, or aircraft, used in their commission; (b) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, that constitutes or is derived from or is traceable to the gross proceeds obtained directly or indirectly from the commission of the offenses; and (c) Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such

24

offenses to forfeit any property that was used to facilitate or intended to be used to facilitate their commission.

36.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(6); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY-FIVE

37.   The United States hereby gives notice to the defendants charged in Count Twenty-Five that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a), of all property involved in such offense, and all property traceable to such property.

38.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

27

FORM DBD-34
JUN. 85

*No.*_____      *Action:* _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

## THE UNITED STATES OF AMERICA

vs.

BENITO LOPEZ-PEREZ, JOSE GABINO BARRIENTOS-PEREZ,
also known as "Ricardo," and ANASTASIO ROMERO-PEREZ,
Defendants.

# INDICTMENT

((T. 8 U.S.C., §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I), 1324(a)(1)(B)(i),
1324(a)(2)(B)(ii) and 1328; T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982,
1591(a)(1) (2008), 1591(a)(1), 1591(a)(2) (2008), 1591(a)(2), 1591(b)(1) (2008),
1591(b)(1), 1591(b)(2) (2008), 1591(b)(2), 1594(c), 1594(d)(1),
1594(d)(2), 1952(a)(3)(A), 1956(h), 2421, 2428(a)(1), 2428(a)(2), 2461(c),
2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill*

*Claudia L. Waiters*

_____
*Foreman*

*Filed in open court this* ___ ___ ___ ___ *day,*

*of* ___ ___ ___ *A.D. 20* ___

_____
*Clerk*

*Bail, $* ___ ___ ___ ___

***Licha M. Nyiendo, Assistant U.S. Attorney (718-254-6350)***