

U.S. Department of Justice

United States Attorney
Eastern District of New York

TM/EP
F.#2010R01803

271 Cadman Plaza East
Brooklyn, New York 11201

November 26, 2013

By ECF

The Honorable Carol B. Amon
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>United States v. Lopez-Perez, et al.</u>, 11-CR-199 (CBA)

Dear Chief Judge Amon:

      The government respectfully submits this letter in response to the Court's request, pronounced orally at the sentencing hearing on November 21, 2013, to provide authority in support of permitting the victims in this case to address the Court without revealing their full identities. As the government noted at the November 21 proceeding, the victims in this case are concerned for their privacy and would like to identify themselves by Jane Doe or by the use of their first name only. In addition, this letter provides the Court with authority concerning how to calculate restitution under the Trafficking Victims Protection Act ("TVPA").

I.    The Crime Victims' Rights Act

      The Crime Victims' Rights Act ("CVRA") provides, in pertinent part, as follows:

      A crime victim has the following rights . . .

      (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. . . .

      (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

18 U.S.C. § 3771.

In interpreting the CVRA with reference to anonymously-submitted victim impact statements, the Third Circuit has observed:

> [T]he inclusion of the victim impact statements here was proper pursuant to the Crime Victims' Rights Act . . . . Moreover, redacting the names of the victims and their family members was also consistent with the Crime Victims' Rights Act, which specifically codified the victim's "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). [The defendant] can identify no authority requiring that a victim's identity be revealed in a victim impact statement.

United States v. Clark, 335 Fed. App'x 181, 183-84 (3d Cir. July 7, 2009). In Clark, the Probation Department included redacted victim impact statements in the defendant's Pre-Sentence Investigation Report, on behalf of victims identified in two of the series of images found in the defendant's child pornography collection. Id. at 183. The defendant objected to the inclusion of that information as "unreliable" and claimed that the victim impact statements were "not related to his case." Id. The Court rejected the defendant's arguments, and, as set forth above, observed that manner in which the information was provided in that case comported with the CVRA.

In the trial context, courts have found that the potential for reprisals, humiliation, or annoyance are sufficient to justify nondisclosure of personal identifying information by a witness. As Judge Ross summarized in United States v. Marcus, No. 05-CR-457 (ARR), 2007 WL 330388, at *1 (E.D.N.Y. Jan. 31, 2007):

> In advancing the contention that the defendant's rights under the Confrontation Clause of the Sixth Amendment require full disclosure of the witnesses's names, place of employment, and home addresses, the defendant relies on Smith v. Illinois, 390 U.S. 129 (1968), and Alford v. United States, 282 U.S. 687 (1931). Taken together, these cases have been interpreted by the Second Circuit to safeguard two main interests of the defendant: (1) obtaining information needed for in-court and out-of-court investigation of the witness; and (2) enabling defense counsel to elicit information that might be relevant to the jury's deliberations as to the credibility or knowledgeability of the witness. See United States v. Marti, 421 F.2d 1263, 1266 (2d Cir. 1970). In the event the government seeks to limit disclosure of identifying information in open court, the government must provide a reason for the limitation. Id. (citing Smith, 390 U.S. at 134 (White, J., concurring)). "[T]he reason may be that the answer may subject the witness to reprisals or that the question is being used to humiliate or annoy the witness." Id. (citing Alford, 282 U.S. at 694). The defendant is then required to demonstrate a "particularized need" for disclosure of

2

the relevant information, which the court weighs against the risks to the witness. See United States v. Bennett, 409 F.2d 888, 901 (2d Cir.1969); see also United States v. Cavallaro, 553 F.2d 300, 305 (2d Cir.1977).

In Marcus, the court relied in part on United States v. Marti, 421 F.2d 1263, 1266 (2d Cir. 1970), in which the Second Circuit analyzed the Supreme Court's holdings in Smith and Alford, and ultimately concluded that there was no prejudice to the defendant where he was precluded from inquiring about the witness's address, holding that although the government should come forward with a reason for withholding a witness's address, "the reason may be that the answer may subject the witness to reprisals or that the question is being used to humiliate or annoy the witness." See Marcus, 2007 WL 330388, at *1-2 (ruling that potential harassment, potential loss of employment, and the explicit nature of anticipated testimony are legitimate reasons to protect witnesses' full identity and to exclude mention of witnesses' home addresses, and current places of employment); accord United States v. Pepe, 747 F.2d 632, 656 n.33 (11th Cir. 1984) (finding no error in precluding cross-examination regarding witnesses' home addresses); United States v. Navarro, 737 F.2d 625, 633-34 (7th Cir. 1984) (cross-examination of an informant about his home address and current place of employment precluded); United States v. Harris, 501 F.2d 1, 9 (9th Cir. 1974) ("If the answer may subject the witness to harassment, humiliation, or danger, then nondisclosure of the witness' home address may be justifiable."); United States v. Alston, 460 F.2d 48, 51-52 (5th Cir. 1972). Although these cases do not squarely address the question presented here, namely, whether a court should afford a crime victim anonymity at sentencing, these courts' approaches to analyzing the possible prejudice is instructive. As the Marcus court concluded, the relevant precedent looks to whether the information is necessary to the defendant in order to engage in an in- or out-of-court investigation of the witness or to attempt discrediting the victim before the jury.

In addition, the Second Circuit has upheld non-disclosure of full identifying information in order to protect the safety of the witness and his or her family. See, e.g., United States v. Watson, 599 F.2d 1149, 1157 (2d Cir.), amended on other grounds by 690 F.2d 15 (2d Cir. 1979), 633 F.2d 1041 (2d Cir. 1980) (government witness in witness protection program permitted not to disclose his occupation); United States v. Baker, 419 F.2d 83, 87 (2d Cir. 1969) (government witness permitted to withhold name and address of current employer); United States v. Persico, 425 F.2d 1375, 1383-84 (2d Cir. 1970) (two government witnesses permitted to conceal addresses and places of employment).

Where the government seeks to limit disclosure of a witness's identifying information in court, the government must articulate a need for withholding the identifiers, such as fear of reprisal, humiliation, or annoyance to the witness. Once the government identifies a need to protect the witness's full identity, the defendant must demonstrate a "particularized need" for the information, which the Court weighs against the harm to the witness. Marcus, 2007 WL 330388, at *1. In Marcus, Judge Ross expressly found, in a case involving sex trafficking allegations, that "[i]n light of the explicit nature of the conduct that

the witnesses will be testifying about . . . the court has determined that the witnesses's fear of harassment and reprisals is legitimate." 2007 WL 330388, at *1. Similarly, in another trial case in this district, United States v. Rivera, 09-CR-619 (E.D.N.Y.), Judge Feuerstein also permitted sex trafficking victims to testify using their first names only. See Order, dated April 26, 2011 (attached hereto as Exhibit A). In addition, last month, at the sentencing of Angel Cortez-Granados, Judge Townes permitted a victim to give an in-court victim impact statement using only the name Jane Doe. See United States v. Angel Cortez-Granados, 11-CR-657 (SLT).

II.     Analysis

In this case, there is substantial explicit information in the public record regarding the degrading and humiliating treatment that the victims in this case were forced to endure, and it is anticipated that the victims will provide additional such information to the Court regarding what they suffered at the hands of the defendants in their victim impact statements. Given that identifying information may be withheld even when Sixth Amendment Confrontation Clause and trial rights are at stake, there would be no error to permit the victims to provide victim impact statements to the Court anonymously at the sentencing hearing, where the defendants do not have a Confrontation Clause right and evidentiary standards are less stringent.

To require the victims to provide full identifying information does not serve any of the legitimate purposes identified by the courts, such as the defendants' obtaining information for in- or out-of-court investigation or attempting to discredit the victim before the jury. Rather, requiring the victims to provide their identifying information at sentencing would serve only to harass, embarrass and "to humiliate or annoy the [victim]." Marti, 421 F.2d at 1266. These purposes are directly at odds with the rights that victims are to be afforded under the CVRA, which include the right to be heard, but also to be treated with respect for their dignity and privacy. Indeed, requiring the victims of violent sex trafficking offenses to provide their names in public could chill their willingness to be heard, for fear of having their personal histories publicized, and the embarrassment and humiliation that such publicity could cause them as they rebuild their lives. In addition, a ruling requiring the victims to disclose their full identities publicly could cause other victims to fear seeking help from law enforcement as that could subject them to further harassment and embarrassment.

Finally, the defendants have not articulated any "particularized need" for the disclosure of the victim identity information in open court. They have not because they cannot. The defendants in this case know who the victims are and have not offered any explanation as to what harm they might suffer if the victims were allowed to proceed by either providing their Jane Doe number, or their first name only.[1]

---

[1] As the government indicated at the initial sentencing proceeding on November 21, some of the victims have indicated that they would prefer to proceed by Jane Doe number; one victim may choose to use her first name, but is not comfortable disclosing her last name.

4

III.   Restitution for Sex Trafficking Victims

As discussed at the sentencing hearing on November 21, restitution in sex trafficking cases is mandatory. Title 18, United States Code, Section 1593(a) specifically provides that "in addition to any other . . . criminal penalties authorized by law, the court shall order restitution for any offense under this chapter." The statute further provides that the restitution ordered should be in the "full amount of the victim's losses, as determined by the court under paragraph (3) of this subsection." 18 U.S.C. § 1593(b)(1). Subsection (b)(3), in turn, provides, in pertinent part, that "the term 'full amount of the victim's losses'" shall include a victim's actual losses and "shall in addition include the greater of the gross income or value to the defendant of the victim's services or labor." In interpreting this provision, the Second Circuit has unequivocally ruled that "the express terms of 18 U.S.C. § 1593 require that the victims in this case, i.e., persons who engaged in commercial sex acts within the meaning of 18 U.S.C. § 1591, receive restitution, notwithstanding that their earnings came from illegal conduct." United States v. Mammedov, 304 Fed. App'x 922, 927, 2008 WL 5411080, at *3 (2d Cir. Dec. 30, 2008) (unpublished); see also United States v. Lewis, 791 F. Supp. 2d 81, at *90 (D.D.C. 2011) (quoting Mammedov).

Several other Courts of Appeals have reached the same conclusion. See United States v. Cortes-Castro, 511 Fed. App'x 942, 947 (11th Cir. Mar. 7, 2013) (per curiam) ("[The defendant] argues that the order of restitution [based on prostitution earnings] rewards the victims for their illegal activities, but this argument is preposterous given that his victims were enslaved and forced to prostitute. The victims of the defendants' sex trafficking crimes were entitled to be 'made whole for their losses.'"); In re Sealed Case, 702 F.3d 59, 66 (D.C. Cir. 2012) ("Section 1593 requires that the defendant pay the victim 'the full amount of the victim's losses,' id. § 1593(b)(1), defined as the sum of two components: (1) ill-gotten gains *plus* (2) 'the full amount of the victim's losses.'"); United States v. Kuo, 620 F.3d 1158, 1164 (9th Cir. 2010) ("[T]he Trafficking [Victims Protection] Act mandates restitution that includes a defendant's ill-gotten gains.").

For these reasons, the restitution calculation method advanced in the victims' affidavits of loss should be adopted by this Court, and the restitution order in this case should include "the greater of the gross income or value to the defendant of the victim's services or labor." 18 U.S.C. § 1593(b)(3).

---

The government respectfully submits that the victims in this case should be permitted to choose the manner of identification that is most comfortable for them, and that such a choice is entirely consistent with the CVRA and the Third Circuit's analysis of the use of redacted victim impact statements in Clark.

5

IV.     Conclusion

For the foregoing reasons, the government respectfully submits that, under the Crime Victims' Rights Act, the victims in this case must be afforded an opportunity to be heard in a manner that also respects their dignity and privacy.  In the absence of any "particularized need" identified by the defendant, the victims in this case should be permitted to provide victim impact statements to the Court without revealing their identifying information on the public record.  Accordingly, the government respectfully requests a ruling from the Court on the anonymity issue prior to the sentencing hearing so that the victims in this case can make an informed choice about how they intend to proceed.  Finally, the government respectfully submits that the restitution should be calculated based on the "value to the defendant of the victim's services," 18 U.S.C. § 1593(b)(3).  See Mammedov, 304 Fed. App'x at 927.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/ Taryn A. Merkl
Taryn A. Merkl
Erik Paulsen
Assistant U.S. Attorneys
(718) 254-6064/6135

cc:     Clerk of Court (CBA)
        All counsel (by ECF)