◆AO 245C   (Rev. 06/30/2011 NYED) Amended Judgment in a Criminal Case     (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

| EASTERN | District of | NEW YORK |
|---|---|---|

| UNITED STATES OF AMERICA | **FILED** AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

**v.**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

BENITO LOPEZ-PEREZ     ★ **MAR 3 1 2014** ★

Case Number:        CR11-00199 (CBA)
USM Number:        *80566-053

BROOKLYN OFFICE

**Date of Original Judgment:** February 7, 2014
(Or Date of Last Amended Judgment)

Kenneth Paul, Esq.  (AUSA Taryn Merkl)
Defendant's Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

X  Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
   * USM #: page 1

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

X  pleaded guilty to        3 & 12 of Superseding Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1591(a) and 18:1591 (b)(2) | Sex trafficking of a child, a Class A felony. | December 2008 | 3 |
| 18:2421 | Mann Act violation, a Class C felony. | April 2006 | 12 |

The defendant is sentenced as provided in pages 2   through 5         of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X  Count(s),  1 & 2, 4-11, & 13-25          X  are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 31, 2014
Date of Imposition of Judgment

s/Carol Bagley Amon

Signature of Judge

Carol Bagley Amon, Chief U.S.D.J.
Name and Title of Judge

March 31, 2014
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
     Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT:        BENITO LOPEZ PEREZ
CASE NUMBER:      CR11-00199 (CBA)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Count 3: 216 months

Count 12: 10 years to run concurrently to Count 3

X  The court makes the following recommendations to the Bureau of Prisons:
    The defendant should receive credit for 13 months spent in Mexican prison under E.D.N.Y. charges.

☐  The defendant is remanded to the custody of the United States Marshal.

    The defendant shall surrender to the United States Marshal for this district:

      at _____   a.m.  ☐ p.m.  on _____.

    ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

| | | Judgment—Page | 3 | of | 5 |

DEFENDANT:    BENITO LOPEZ PEREZ
CASE NUMBER:  CR11-00199 (CBA)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Count 3: 5 years; Count 12: 5 years to run concurrently to Count 3 (See page 3a for special conditions)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page ___3a___ of ____5____

DEFENDANT:        BENITO LOPEZ PEREZ
CASE NUMBER:      CR11-00199 (CBA)

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall:

(1) if deported, not reenter the United States illegally;

(2) comply with the sex offender registration requirements mandated by law.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 4 of 5

DEFENDANT:         BENITO LOPEZ PEREZ
CASE NUMBER:       CR11-00199 (CBA)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ 1,222,165.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | $1,222,165.00 | $25.00 per month while incarcerated; upon release, 20% of income over 5 year period of supervised release (Payments to be made to Clerk of Court, EDNY) |

| TOTALS | $ _____ | $ 1,222,165.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page ___5___ of ___5___

DEFENDANT:        BENITO LOPEZ PEREZ
CASE NUMBER:      CR11-00199 (CBA)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  X  Lump sum payment of $ ___200.00___ due immediately, balance due

- [ ]  not later than _____ , or
- [ ]  in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

**B**  [ ]  Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C**  [ ]  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  [ ]  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  [ ]  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

Total restitution amount ($1,222,165.00) joint & several with co-defendant Jose Barrientos-Perez.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

- [ ]  The defendant shall pay the cost of prosecution.

- [ ]  The defendant shall pay the following court cost(s):

- X  The defendant shall forfeit the defendant's interest in the following property to the United States:
  See attached Order of Forfeiture (4 pages).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:LDM:BDM
F.# 2010R01803

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       -against-

BENITO LOPEZ-PEREZ,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

11-CR-0199 (S-1) (CBA)

WHEREAS, on or about JANUARY 10, 2014, BENITO LOPEZ-PEREZ (the "defendant") entered a plea of guilty to a lesser-included offense of Count Three of the above-captioned Superseding Indictment, charging a violation of 18 U.S.C. § 1591(a) relating to Jane Doe #1, and on or about MAY 20, 2013, the defendant entered a plea of guilty to Count Twelve, charging a violation of 18 U.S.C. § 2421 relating to Jane Doe #3; and

WHEREAS, the defendant has consented to the entry of a forfeiture money judgment in the amount of seventy thousand dollars and no cents ($70,000.00) in United States currency (the "Forfeiture Money Judgment"), imposed jointly and severally as to the defendants BENITO LOPEZ-PEREZ, Anastasio Romero-Perez, and Jose Gabino Barrientos-Perez, pursuant to 18 U.S.C. §§ 1594(d), 2428, and 28 U.S.C. § 2461(c), as property, real or personal, used or intended to be used to commit or to facilitate the commission of such violations, and/or as property, real or personal, constituting or derived from, proceeds obtained, directly or indirectly, as a result of such violations, and/or as substitute assets pursuant to 28 U.S.C. § 853(p), as incorporated by 21 U.S.C. § 2461(c).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.    The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment pursuant to 18 U.S.C. § 1594(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2.    All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "Customs and Border Protection," with the criminal docket number noted on the face of the check. The defendant shall cause said checks to be delivered via overnight mail to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or before the date of the defendant's sentencing (the "Final Due Date"). If the Forfeiture Money Judgment is not paid in full by the Final Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.

3.    If forfeiture is not received as provided above, the defendant shall forfeit any other property up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p) and the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4.    The defendant knowingly and voluntarily waives his right to any required

notice concerning the forfeiture of the money forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said money, and waives all constitutional, legal and equitable defenses to the forfeiture of said money, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, statutes of limitations, venue, or any defenses under the Eighth Amendment, including a claim of excessive fines. The forfeiture of the money forfeited hereunder is not to be considered a payment of a fine or restitution or a payment on any income taxes that may be due.

5.     Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendants to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6.     The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

7.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9.     This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy

of any of them.

          10.     The Clerk of the Court is directed to send, by inter-office mail, three

certified copies of this executed Order to FSA Senior Law Clerk William K. Helwagen, United

States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New

York 11201.

Dated: Brooklyn, New York
               _March 19_, 2014

                                        s/Carol Bagley Amon
                             HONORABLE CAROL B. AMON
                             CHIEF UNITED STATES DISTRICT JUDGE